United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-50467
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TRINI JOHN HERNANDEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-03-CR-20-ALL
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Trini John Hernandez ("Hernandez"), appeals the district court's judgment revoking his supervised release and sentencing him to 11 months' imprisonment.  Hernandez contends that the district court erroneously denied his motion to suppress the evidence obtained by police officers.  A district court may revoke a term of supervised release upon a finding, by a preponderance of the evidence, that the defendant violated a condition of supervised release.  See 18 U.S.C. § 3583(e)(3).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's revocation of supervised release is reviewed for an abuse of discretion. See United States v. Grandlund, 71 F.3d 507, 509 (5th Cir. 1995).

Hernandez has failed to demonstrate that his case is factually distinguishable from United States v. Montez, 952 F.2d 854, 857-59 (5th Cir. 1992)(absent a showing of harassment by police, the exclusionary rule does not apply to revocation of supervised release hearings).  Hernandez's statements, although made without the benefit of Miranda warnings following his arrest, were disclaimers of ownership of the "daytimer" at issue here and not in any way inculpatory.  Hernandez's supervised release was revoked on the basis of tangible evidence found pursuant to the search of the vehicle, which includes the daytimer and its contents, specifically Hernandez's social security card and the pawn ticket bearing his name and birthdate.

Because these items were seized incident to a lawful Fourth Amendment search following his arrest, there is no basis for distinguishing Montez from Hernandez's case.  Consequently, the decision of the district court is AFFIRMED.